### No. 3374.

### MRS. AZEMA LEIGH, Widow, *v.* KNICKERBOCKER LIFE INSURANCE COMPANY, of New York.

The following note was given to defendants for a part of the premium due on renewal for a policy of insurance : "New York, May 7, 1870. Three months after date, *without grace*, I promise to pay to the order of the Knickerbocker Life Insurance Company one hundred and twenty-nine dollars and interest, value received in premium on policy No. 2051 (37,593), which policy is to be void in case this note is not paid *at maturity according to contract in said policy.*"

The question is whether this note was payable at noon, on the eighth of August, 1870, (the seventh being Sunday), or during business hours.

The portions of the policy relied on by the defendants as fixing the maturity of said note are the following : "And the omission to pay the said annual premium on or before twelve o'clock noon, on the day or days above mentioned for the payment thereof, or failure to pay at maturity any note (other than the annual premium note) given for premium interest or other obligation on this policy, shall then and thereafter cause said policy to be void, without notice to any party or parties interested herein."

The insured paid a portion of the premiums in cash and for the balance gave three notes, one of which is above transcribed. The receipt of the company runs thus: "Renewal No. 69,003. New York, May 7, 1870, received of Azema Leigh seven hundred and ninety-eight dollars and eighty cents in cash, and notes (exclusive of interest as stated in the margin hereof), which amount, *if said notes are duly paid on ,or before the maturity thereof,* will complete the payment of the premium necessary to continue policy No. 2051 in force until the seventh of May, 1871, at noon, and in case said notes, or either of them, shall not be paid *on or before* the maturity thereof, said policy shall at once become void without notice," etc.

In the opinion of the court the notes referred to in the policy as being payable at noon, are the annual premium notes, which are due on the seventh of May of each year, and not the notes given for a part of the premium and falling due at such dates as may be agreed upon at the time. Whenever the words " at noon " are used in the policy, it is in immediate connection with the words "seventh of May." The note itself and the receipt contain the stipulation in general terms, that, "if not paid at maturity," the policy will be void. The expression or words at the end of the note, "*according* to contract in said policy," must be construed as referring to the effect of non-payment at maturity— the contract in that respect—rather than the *hour* at which the note must be paid.

The words " at maturity " refer to and include the whole day unless specially and distinctly limited to a certain hour of the day. The expression, " three months after date without grace," means that the note is to be paid on the last day of the three months, without the usual three days of grace. No reference is made to *hours*. The *annual* payments were to be made by *noon* of the day, because probably the policy was fixed to *expire at noon;* but the notes for the stipulated instalments of the *extended* premium were taken as an accommodation to the party, and were to be paid at maturity in the ordinary signification of the term.

A PPEAL from the Sixth District Court, parish of Orleans. *Cooley,
J. Cooley & Phillips,* for plaintiff and appellee. *Hays & New,* for defendant and appellant.

HOWELL, J. The principal question in this case is whether the note given for a part of the premium was payable at noon on the eighth of August, 1870, or during business hours. It is in the following words:

" $129.                                    NEW YORK, May 7, 1870.

"Three months after date, without grace, I promise to pay to the order of the Knickerbocker Life Insurance Company one hundred and

twenty-nine dollars and interest, value received in premium on policy No. 2051 (37,593), which policy is to be void in case this note is not paid at maturity, according to contract in said policy."

The seventh of August being Sunday the note was not due until Monday, the eighth. The insured died at one o'clock on said date—eighth August, 1870. The portions of the policy relied on by the defendants as fixing the maturity of said note are the following : " And the omission to pay the said annual premium on or before twelve o'clock noon, on the day or days above mentioned for the payment thereof, or failure to pay at maturity any note (other than the annual premium note) given for premium, interest or other obligation on this policy, shall then and thereafter cause said policy to be void, without notice to any party or parties interested herein."

## " CONDITIONS OF INSURANCE.

" *First*—The premium must always be paid on or before twelve o'clock noon of the day upon which it falls due, and the party paying should be careful to obtain a receipt therefor, signed by the president and secretary, according to the terms of the charter."

In the first part of the policy it is stated that in consideration of the premium of $798 80 " paid by Azema Leigh, and of nine further annual payments of a like sum to be made on or before the seventh day of May, in each year, until the last payment is completed on May 7, 1878, and of the interest annually on all premium notes on this policy, on or before the seventh day of May, at noon in each year, until the said notes are paid," etc.

The policy was dated seventh May, 1869, and was to continue for the time of the natural life of the insured on the stipulated conditions. In May, 1870, the premium for the ensuing year was settled by the payment of one-fourth of one-half thereof in cash and the balance in three notes of $129 each at three, six and nine months. The other half of the premium was constituted a loan on which the interest was included in the settlement. The receipt contemplated by the policy was taken and is in the following words :

" Renewal No. 69,003.                    NEW YORK, May 7, 1870.

" Received of Azema Leigh seven hundred and ninety-eight dollars and eighty cents in cash and notes (exclusive of interest), as stated in the margin hereof, which amount, if said notes are duly paid on or before the maturity thereof, will complete the payment of the premium necessary to continue policy No. 2051 in force until the seventh day of May, 1871, at noon; and in case said notes, or either of them shall not be paid, on or before the maturity thereof, said policy shall at once become void, without notice," etc.

It is the first of those three notes that is involved in this controversy. In our opinion the notes, referred to in the policy as being payable at noon, are those which are due on seventh May, of each year, and not the notes given for a part of the premium and falling due at such dates as may be agreed on at the time. Wherever the words "at noon" are used in the policy, it is in immediate connection with the words "seventh of May." The note itself and the receipt contain the stipulation, in general terms, that if "not paid at maturity" the policy will be void. The expression or words at the end of the note, "according to contract in said policy," must be construed as referring to the effect of nonpayment at maturity—the contract in that respect— rather than to the hour at which the note must be paid. The words "at maturity" refer to and include the whole day, unless specially and distinctly limited to a certain hour of the day. We find no words in the note itself, or the policy, declaring that such a note shall mature at noon on a particular day. It says expressly, "three months after date, without grace." This means that the note is to be paid on the last day of the three months, without the usual three days of grace. No reference is made to hours. The annual payments were to be made by noon of the day, because, probably, the policy was fixed to expire at noon ; but the notes for the stipulated instalments of the extended premium were taken as an accommodation to the party, and were to be paid at maturity, in the ordinary signification of the term.

Judgment affirmed.